[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16304
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-00210-TWT

LATOSHA NEAL,

Plaintiff-Appellant,

versus

T-MOBILE USA, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 22, 2017)

Before HULL, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Latosha Neal appeals the summary judgment in favor of her former

employer, T-Mobile USA, Inc., and against her complaint that she was fired in

retaliation for taking leave under the Family and Medical Leave Act, 29 U.S.C. § 2615(a), and for requesting an accommodation under the Americans With Disabilities Act, 42 U.S.C. § 12203(a). The district court ruled that T-Mobile provided a legitimate, nonretaliatory reason for Neal's termination that she failed to rebut as pretextual. We affirm.

Neal argues that T-Mobile fired her in retaliation for taking medical leave and requesting to transfer to a different store as an accommodation for the post-traumatic stress disorder that she developed after the armed robbery of her store. An employer is prohibited from retaliating against an employee who engages in conduct protected under the Leave Act and the Disability Act. *See Schaaf v. Smithkline Beecham Corp.*, 602 F.3d 1236, 1243 (11th Cir. 2010) (Disability Act); *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1328 (11th Cir. 1998) (Leave Act). Because the district court assumed that Neal established a prima facie case of retaliation, we review *de novo* whether the reasons proffered for her termination were merely pretexts for retaliation. *See Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1263 (11th Cir. 2010). "[W]e may affirm [the] judgment [of the district court] on any ground that finds support in the record." *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001) (internal quotation marks and citation omitted).

2

T-Mobile presented evidence that it terminated Neal because she failed, as required in the employee handbook, "prior to returning to work from a continuous FMLA Leave, . . . [to] provide fitness for duty documentation from []her health care provider, releasing [her] to return to work." Under the Leave Act, an "employer may have a . . . policy that requires [an] employee to receive certification from [her] health care provider . . . to resume work." 29 U.S.C. § 2614(a)(4). Undisputed evidence established that T-Mobile granted Neal a leave of absence from October 9, 2012, to December 31, 2012. During that interim, the leave of absence administrator for T-Mobile notified Neal to submit by facsimile to Aon Hewitt, a third-party human resources administrator, "a return to work authorization/release from [her] healthcare provider at least three days prior to returning to work." Although Neal had exhausted her leave under the Leave Act, T-Mobile extended Neal's return to work date to January 10, 2013. Neal then negotiated during a conference call with her store manager, Jennifer Jackson, and her district manager, Carl Graden, to return to work on January 14, 2013. But Neal failed to return to work, and on January 22, 2013, Georgia Vahoua, a human resources liaison at T-Mobile, notified Neal that she had to submit the release form and return to work on January 25, 2013, or she would be treated as "having voluntarily terminated [her] employment." On January 25, Graden and Vahoua contacted the leave of absence team, who said that Neal's counselor, Terrence

3

Borsare, had not submitted a release form for Neal. Graden fired Neal. Later, T-Mobile and Neal learned that Aon Hewitt had misfiled Neal's release form.

Neal failed to create a genuine factual dispute about the legitimacy of the reason proffered for her termination. To prove pretext, Neal had to establish there were "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the . . . proffered legitimate reasons . . . that a reasonable factfinder could find them unworthy of credence." *Alvarez*, 610 F.3d at 1265 (internal quotation marks and citation omitted). Neal argues that Graden had constructive knowledge that Neal had told Jackson that Borsare had faxed the release form and that Aon Hewitt had received the release form, but it is improper to "equate[] constructive knowledge with actual intent," *Silvera v. Orange Cty. Sch. Bd.*, 244 F.3d 1253, 1262 (11th Cir. 2001). "Discrimination is about actual knowledge, and real intent, not constructive knowledge and assumed intent," *id.*, and Graden testified that he did not know of Neal's statement or the facsimile. *See Brochu v. City of Riviera Beach*, 304 F.3d 1144, 1156 (11th Cir. 2002); *Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000). Neal also argues that Graden must have known about Neal's statement because Jackson repeated it to Vahoua, who conferred with Graden before he decided to fire Neal. But Vahoua knew only of Neal's statement, which conflicted with the first-hand

4

information Vahoua received from the leave of absence team that they had not received a release form.

The district court did not err by entering summary judgment in favor of T-Mobile. T-Mobile proffered a legitimate, nonretaliatory reason for terminating Neal. An "employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a [retaliatory] reason." *Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984). That T-Mobile fired Neal "under the mistaken but honest impression that [she] violated a work rule [does] not [make T-Mobile] liable for [retaliation]." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1363 n.3 (11th Cir. 1999).

We **AFFIRM** the summary judgment in favor of T-Mobile.